### HENRY A. STOFFREGEN v. AUGUST BIEDERMAN.

1. STATEMENT OF FACTS.

A transcript was filed in the court of common pleas for appeal from the judgment of a magistrate for $15.50, rendered on a verdict returned by a jury in a trial before him. The transcript showed that the bill of particulars filed with the magistrate claimed $60.00 as the amount due. On motion to dismiss the appeal for the reason alleged, that before the trial in the magistrate's court an amended bill of particulars had been filed, claiming only nineteen dollars as the amount due, the court of common pleas permitted the parties to read affidavits *pro* and *con* as evidence on said motion, and on said evidence found that the amended bill had been filed as alleged; decided the case was not an appealable one, and rendered judgment against the defendant (plaintiff in error) for the same amount as that rendered by the magistrate, and costs. Held:

2. COMMON PLEAS CANNOT RECEIVE PROOF THAT JUSTICE'S TRANSCRIPT IS ERRONEOUS.

The transcript of the magistrate on its face showed that the case was appealable and the court erred in permitting affidavits to be read to show that the transcript was erroneous. If it were not correct, the remedy was to procure from the magistrate a true one, and file it by leave of court, as a substitute for the erroneous one.

3. WHERE CASE IS NOT APPEALABLE THERE CAN BE NO JUDGMENT BUT DISMISSAL.

The court having found the case not one for appeal, had no jurisdiction to render any judgment except one of dismissal.

4. CIRCUIT COURT WILL ORDER COMMON PLEAS TO ISSUE A WRIT OF RESTITUTION.

Upon suggestion of counsel that an execution had been issued in the court of common pleas, and plaintiff in error had paid the amount of judgment and costs under protest, this court held that the judgment of the court of common pleas be reversed, with costs, and plaintiff in error be restored to all things he had lost by reason of such erroneous judgment, and the case be remanded to the court of common pleas to carry this judgment into effect, that court being the proper one to issue the writ of restitution as the records of execution and payment were then.

Error to the Court of Common Pleas of Hamilton county.

COX, J.

This case originated in a magistrate's court, where $60.00 was claimed, and a verdict returned by a jury for $15.50 and judgment rendered thereon. In the court of common pleas, to which an appeal was taken, it was claimed that the case was not appealable, and affidavits were submitted, alleging that before the jury was impaneled an amended bill of particulars was filed, claiming only $19.50 damages. Counter-affidavits were submitted, whereupon the trial judge held that the amount in controversy was below $20.00, and, trial having been had in the magistrate's court before a jury, an appeal could not be taken. The appeal was therefore dismissed, and judgment given for plaintiff for $15.50 and his costs.

The proceedings in the court of common pleas were clearly erroneous.

1. The transcript showed that it was an appealable case—a demand for $60.00. The court of common pleas had no authority to hear evidence outside the transcript to prove that an amended bill of particulars had been filed in the magistrate's court. If such an amendment were made, it should have appeared in the magistrate's transcript; or, if omitted there, plaintiff could, under an order of court, have filed a correct transcript. Yapel, 656; Wood v. Newkirk, 15 O. S. 295; Smith v. Bd. of Education, 27 O. S. 44; Edwards v. McClurg, 39 O. S. 53. The court of common pleas erred, therefore, in dismissing the appeal.

2. The court below having found the case not appealable, had no jurisdiction further. If it were not appealable, all the court could do, would be to dismiss the appeal for want of jurisdiction, leaving the judgment before the magistrate to stand. The court of common pleas could not render judgment for any amount. State v. Brewster, 44 O. S. 249.

Upon suggestion of counsel that after the entry of judgment in the court of common pleas, an execution had been issued and the money paid by defendant under protest, the proper entry in the circuit court would be an order of restitution of the amount paid by plaintiff in error, and that the case should not be

remanded. But the court held that the only entry it could make from the papers in the case would be, that the judgment of the court of common pleas be reversed, and that plaintiff in error be restored to all things he has lost by reason of the erroneous judgment of the court, and that a mandate issue to that court to carry the judgment into effect, and there the application for a writ of restitution should be made. Stone Co. v. Kraft, 31 O. S. 289.

Judgment accordingly.

J. W. O'Hara, for plaintiff in error.

C. L. Lundy, for defendant in error.